UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-00013-RJC
(3:17-cr-00073-RJC-DCK-1)

| | |
|---|---|
| ALEJANDRO CHAVEZ-LOPEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion for Leave to File Out of Time [CV Doc. 4].

I. **BACKGROUND**

In January of 2017, Alejandro Chavez-Lopez ("Petitioner") arranged the sale of two kilograms of cocaine to an undercover officer. [CR Doc. 100 at ¶¶ 4-10: Presentence Investigation Report (PSR)]. Petitioner was charged in a Bill of Indictment, along with two co-Defendants, with one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (Count One). [CR Doc. 11: Bill of Indictment]. A jury convicted Petitioner of the cocaine conspiracy offense and found that 500 grams or more of cocaine were reasonably foreseeable to Petitioner. [CR Doc. 89: Jury Verdict].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:20-cv-00013-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-CR-00073-RJC-DCK-1.

Before sentencing, a probation officer prepared a PSR. [CR Doc. 100]. The probation officer calculated a Total Offense Level (TOL) of 34, which included an enhancement based on Petitioner's career offender designation. [Id. at ¶ 22 (citing U.S.S.G. §4B1.1(b)(2))]. According to the PSR, Petitioner qualified as a career offender because he "was at least 18 years old at the time of the instant offense of conviction; the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and the defendant [had] at least two prior convictions of either a crime of violence or controlled substance offense…." [Id.]. With a criminal history category of VI, Petitioner's TOL yielded an advisory guidelines range of 262 to 327 months' imprisonment. [Id. at ¶¶ 32, 58]. Petitioner did not object to the PSR and requested a sentence at the low end of the guidelines range. [Id. at p. 16; CR Doc. 124 at 3: Sentencing Tr.]. This Court agreed that a low-end sentence satisfied the 18 U.S.C. § 3553(a) sentencing factors and, on February 16, 2018, sentenced Petitioner to a term of imprisonment of 262 months. [CR Doc. 124 at 7-8; CR Doc. 114 at 2: Judgment]. Judgment on Petitioner's conviction was entered on March 7, 2018. [CR Doc. 114].

Petitioner appealed and the Fourth Circuit Court of Appeals affirmed. United States v. Chavez-Lopez, 767 Fed. App'x 431 (4th Cir. 2019). On appeal, Petitioner argued, in part, that this Court erroneously classified him as a career offender because his instant drug trafficking conspiracy offense is not a "controlled substance offense." Id. at 436. On June 12, 2018, nearly four months after Petitioner was sentenced, the Fourth Circuit held, in an unpublished opinion, that the defendant's prior drug trafficking conspiracy offense under 21 U.S.C. § 846 was not a "controlled substance offense" because the conspiracy offense does not require an overt act. United States v. Whitley, 737 Fed. App'x 147, 149 (4th Cir. 2018) (unpublished). Whitley relied on United States v. McCollum, 885 F.3d 300 (4th Cir. 2018), which itself was not decided until a

2

month after Petitioner was sentenced. See Whitley, 737 Fed. App'x at 148-49 (citing McCollum). In McCollum, the Fourth Circuit held, in determining whether the career offender guideline defining "crime of violence," U.S.S.G. §4B.12 (for purposes of determining the base offense level for a § 922(g) conviction), that "an overt act is an element of the generic definition of conspiracy." 885 F.3d at 304, 308. In applying the plain error standard to Petitioner's appeal, the Fourth Circuit held that any error this Court may have committed was not plain because then-existing precedent, United States v. Kennedy, 32 F.3d 876 (4th Cir. 1994), informed that Petitioner's drug trafficking offense was a "controlled substance offense." Chavez-Lopez, 737 Fed. App'x at 436-37.

On January 1, 2020, Petitioner filed the instant motion to vacate. [CV Doc. 1]. Petitioner contends that he received ineffective assistance of counsel for his attorney's failure to challenge the career offender enhancement at sentencing. [See CV Doc. 1-1]. Specifically, Petitioner argues that his offense of conviction – drug trafficking conspiracy under 21 U.S.C. § 846 – is not a "controlled substance offense" under the career offender guidelines for purposes of sentencing enhancement and that his attorney's performance was deficient for failing to make this argument. [Id. at 3-8]. For relief, Petitioner seeks to be resentenced without the enhancement. [CV Doc. 1-1 at 10]. On the Court's Order, the Government responded to Petitioner's motion and seeks the Court's leave to file its response one day late. [CV Docs. 3, 4]. The Court ordered that Petitioner had 21 days to reply to the Government's response [CV Doc. 5], but he did not reply.

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims

3

set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, "[t]o avoid the distorting effects of hindsight, claims under Strickland's performance prong are 'evaluated in light of the available authority at the time of counsel's allegedly deficient performance.'" Morris, 917 F.3d at 823 (quoting United States v. Carthorne, 878 F.3d 458, 466 (4th Cir. 2017)). A lawyer does not provide deficient representation by "failing to bring novel or long-shot contentions," United States v. Mason, 774 F.3d 824, 830 (4th Cir. 2014), and counsel does not perform deficiently "by failing to anticipate changes in the law, or to argue for an extension of precedent." Morris, 917 F.3d at 823.

Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). To establish prejudice, the

4

petitioner must demonstrate there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. It is not sufficient to show the mere "'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1994) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

When the ineffective assistance claim relates to a sentencing issue, the petitioner must demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (quoting Strickland, 466 U.S. at 694)). If the petitioner fails to meet this burden, the "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Here, Petitioner argues that his attorney's representation was constitutionally deficient when he failed to object to Petitioner's classification as a career offender because four months after Petitioner was sentenced, the Fourth Circuit held, in an unpublished opinion, that conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, is not a "controlled substance offense" and cannot support a defendant's career offender classification. See Whitley, 737 Fed. App'x at 149; see also U.S.S.G. §4B1.2(b). To be sure, the case on which Whitley relied, McCollum, was not decided until a month after Petitioner's sentencing. Fourth Circuit precedent at the time of Petitioner's sentencing established that conspiracy offenses "in violation of 21 U.S.C. § 846" qualify as "career offender offense[s] under the Guidelines

5

provisions and commentaries." Kennedy, 32 F.3d at 888. Kennedy had been repeatedly applied by the Fourth Circuit. See, e.g., United States v. Brandon, 363 F.3d 341, 345 (4th Cir. 2004); United States v. Walton, 56 F.3d 551, 555 (4th Cir. 1995).

Petitioner's attorney's failure to challenge long-standing precedent was not deficient. At the time of Petitioner's sentencing, Kennedy controlled the career offender issue Petitioner asserts should have been raised. Counsel's reliance on such precedent certainly fell within the wide range of reasonable professional assistance, particularly where counsel's representation is evaluated in light of the available authority at the time of counsel's allegedly deficient performance. See Morris, 917 F.3d at 823; see Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995) (holding counsel was not deficient for following a long-standing and well-settled rule of South Carolina criminal law – even when that rule was under attack in the United States Supreme Court at the time of trial."). As such, Petitioner has not shown deficient performance here.

Furthermore, even if Petitioner had showed deficient performance, Petitioner must demonstrate "a reasonable probability" that but for counsel's unprofessional errors the result of the proceeding would have been different. Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The mere "possibility of prejudice" is not enough. Satcher, 126 F.3d at 572. Here, had Petitioner been sentenced without the career offender enhancement, his advisory guidelines range would have been 140 to 175 months' imprisonment. That the guidelines range necessarily would have been lower without the enhancement Petitioner challenges does not end the inquiry. Rather, there must be a "reasonable probability" of a different outcome but for counsel's unprofessional error. While it is *possible* that this Court would have disregarded Kennedy on Petitioner's objection, even before McCollum and Whitley, to hold that Petitioner was not a career offender, such a result is unlikely and certainly

6

not reasonably probable. See Strickland, 466 U.S. at 694. Petitioner, therefore, has not established prejudice.

In sum, Petitioner has failed to show deficient performance or prejudice and his claim for ineffective assistance of counsel will be dismissed. See Strickland, 466 U.S. at 687-88; Royal, 188 F.3d at 249.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. The Government's Motion for Leave to File Out of Time [Doc. 4] is **GRANTED** and the Government's Response [Doc. 3] is deemed timely filed.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 10, 2020

_____
Robert J. Conrad, Jr.
United States District Judge