IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-CR-00073-RJC-DCK

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ALEJANDRO CHAVEZ-LOPEZ (2) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se for a reduction of sentence under § 404 of the First Step Act of 2018, (Doc. No. 148), and the government's response, (Doc. No. 157).

The defendant was sentenced on February 16, 2018, facing a range of punishment of five to forty years' imprisonment, based on a jury's verdict that 500 grams or more of cocaine were a reasonably foreseeable consequence of his drug trafficking conspiracy under 21 U.S.C. §§ 846 and 841(b)(1)(B). (Doc. No. 11: Indictment at 1; Doc. No. 89: Verdict; Doc. No. 100: Presentence Report at 1, 6).

As the government rightly argues, (Doc. No. 157: Response at 2-3), a violation of § 841(b)(1)(B) relating only to powder cocaine is not a "covered offense" under the First Step Act. Pub. L. 115-135, § 404(a), because the penalty was not amended by the Fair Sentencing Act of 2010, Pub. L. 111-220, § 2 (2010). United States v. Gravatt, 953 F.3d 258, 264 (4th Cir. 2020). Additionally, Section 404(c) of the First Step Act specifies that a court "shall not entertain" a reduction motion where the sentence was imposed in accordance with the Fair Sentencing Act of 2010. Here,

the defendant was sentenced for powder cocaine well after the effective date of the Fair Sentencing Act. Therefore, he is not eligible for a sentence reduction under the First Step Act.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 148), is **DISMISSED**.

The Clerk is directed to certify copies of this Order to the defendant and the United States Attorney.

Signed: August 22, 2023

Robert J. Conrad, Jr.
United States District Judge